UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:20-CR-96-1FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| OLLIE ROSE III ) | |

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Caledonia Correctional Institution ("Caledonia") is a prison located in Halifax County, North Carolina, and is part of the North Carolina Department of Corrections ("DOC"). DOC falls under the umbrella of the North Carolina Department of Public Safety ("DPS").

2. DPS policies prohibit employees from engaging in certain conduct, including:

   a. Making gifts or performing personal services for inmates;

   b. Conversing with inmates via telephones;

   c. Selling or giving inmates any intoxicating drink, barbiturate or stimulant drug, or narcotic;

   d. Giving inmates tobacco or mobile cellular devices; and

   e. Possessing, using, or distributing tobacco products, paraphernalia, or lighting devices while on the grounds of a facility.

DPS policies further provide that "[i]f an employee is contacted by the family or close associates of an inmate, the employee will report this fact to his superior at the earliest practicable time."

3. Defendant OLLIE ROSE III was a Case Manager working at Caledonia, where his responsibilities included supervising a caseload of inmates through supportive counseling, developing case plans, and addressing inmate questions and problems. By virtue of his position at Caledonia, ROSE was a DPS employee and public official. ROSE used his position to take official acts and act in violation of his lawful duty by smuggling contraband into Caledonia in exchange for payments from inmates and their associates.

4. Individual 1 held an account with Cash App, a mobile application that allows users to transfer money to one another, and remotely collected money from inmates and their associates on ROSE's behalf.

## COUNT ONE
### (Conspiracy to Violate the Travel Act)

5. Paragraphs 1 through 4 are re-alleged and incorporated herein by reference.

6. Beginning at a time unknown, but at least in or around November 2018, and continuing through the date of this Indictment, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, did knowingly and intentionally conspire with others known and unknown to the Grand Jury to use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of one or more unlawful activities, to wit, Bribery of officials, in violation of N.C. Gen. Stat. Ann. § 14-217(a), and thereafter to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3).

2

## PURPOSE OF THE CONSPIRACY

7. The purpose of the conspiracy was for ROSE, in exchange for payment, to use his position as a public official to take official action and act in violation of his lawful duty by smuggling contraband into Caledonia.

## MANNER AND MEANS

8. The manner and means of the conspiracy included, but were not limited to, the following:

   a. ROSE and his co-conspirators communicated with each other by cellular telephone to, among other things, set the terms of deals and schedule in-person meetings where ROSE would obtain contraband from suppliers connected to Caledonia inmates;

   b. The contraband ROSE smuggled into Caledonia included, but was not limited to, marijuana, tobacco, and synthetic cannabinoids;

   c. ROSE's co-conspirators used certain codewords in communicating with ROSE by text message and in notes associated with money transfers to Individual 1's Cash App account;

   d. Suppliers provided contraband to ROSE, and ROSE used his position as a public official to engage in official acts and act in violation of his lawful duty by bringing the contraband into Caledonia in exchange for payments;

   e. ROSE then delivered the contraband to the intended inmate-recipients associated with those suppliers; and

   f. ROSE generally charged between approximately $500 and approximately $1,200 to smuggle contraband into Caledonia, and ROSE received the payments in cash and via transfers to Individual 1's Cash App account.

3

## OVERT ACTS

9. In furtherance of the conspiracy, and to accomplish its purpose, one or more members of the conspiracy committed or caused to be committed the following overt acts in the Eastern District of North Carolina:

   a. On or about July 15, 2020, ROSE met an individual who provided ROSE with marijuana to smuggle into Caledonia for an inmate in exchange for payment. A relative of the inmate subsequently transferred $500 to Individual 1's Cash App account for ROSE on or about July 16, 2020.

   b. On or about July 16, 2020, ROSE smuggled into Caledonia and delivered to the inmate a portion of the marijuana that had been provided to ROSE at the meeting on or about July 15, 2020.

   c. On or about August 3, 2020, ROSE smuggled into Caledonia and delivered to the inmate the remainder of the marijuana that had been provided to ROSE at the meeting on or about July 15, 2020.

   d. On or about August 3, 2020, a contraband cellular telephone believed to be used by an inmate, sent a text message to ROSE, instructing him to meet with the inmate's supplier. Later that day, ROSE spoke to the supplier on his cellular telephone to discuss a possible deal whereby the supplier would pay ROSE $500 and provide ROSE with pills in exchange for ROSE's agreement to smuggle contraband into Caledonia for the inmate. Although ROSE left Caledonia to meet with the supplier, ROSE ultimately cancelled the deal because the supplier did not have money to pay ROSE.

   e. Also on or about August 3, 2020, ROSE communicated by cellular telephone with another individual to set the terms of a deal whereby ROSE would smuggle

marijuana into Caledonia for an inmate and to set a meeting location for the individual to provide the marijuana to ROSE. ROSE and the individual met in person, and the individual provided ROSE with marijuana to smuggle into Caledonia.

  f. On or about August 4, 2020, ROSE delivered to the intended inmate-recipient four ounces of marijuana that had been provided to ROSE at the meeting on or about August 3, 2020, and advised the inmate that he owed ROSE $500 for the instant transaction, plus $100 for a prior transaction. On or about August 13, 2020, $250 was transferred to Individual 1's Cash App account on behalf of that inmate.

  g. On or about August 11, 2020, ROSE met with an individual who provided ROSE with contraband, including marijuana, to smuggle into Caledonia in exchange for payment. ROSE received approximately $250 from at the meeting.

  h. On or about August 11, 2020, ROSE smuggled into Caledonia the contraband that had been provided at the meeting earlier that day and arranged the delivery of the contraband to the intended inmate-recipient.

  i. On or about August 16, 2020, a contraband cellular telephone believed to be used by a Caledonia inmate sent the following text message to ROSE: "just call my ppl when u ready." The message also provided a telephone number for an associate of that inmate.

  j. On or about August 17, 2020, ROSE met with the inmate's associate, who provided ROSE with contraband, including marijuana, to smuggle into Caledonia in exchange for payment. The associate paid ROSE approximately $1,200 in cash.

5

k.     On or about August 18, 2020, ROSE smuggled into Caledonia the contraband that had been provided at the meeting on or about August 17, 2020, and arranged the delivery of the contraband to the intended inmate-recipient.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Extortion Under Color of Official Right)

10.    Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

11.    On or about June 9, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, did knowingly and unlawfully obstruct, delay, and affect in any way and degree interstate commerce and the movement of articles and commodities in commerce by extortion under color of official right, and did attempt to do so, as those terms are defined in Title 18, United States Code, Section 1951, that is, in return for smuggling contraband into Caledonia, specifically placebo pills that ROSE believed to contain oxycodone, ROSE obtained property, a monetary payment, not due him or his office, from another person, with their consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT THREE
### (Attempted Possession with Intent to Distribute)

12. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

13. On or about June 9, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, did knowingly and intentionally attempt to possess with the intent to distribute a quantity of oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT FOUR
### (Extortion Under Color of Official Right)

14. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

15. On or about July 15, 2020, in the Eastern District of North Carolina, the defendant, OLLIE ROSE III, did knowingly and unlawfully obstruct, delay, and affect in any way and degree interstate commerce and the movement of articles and commodities in commerce by extortion under color of official right, as those terms are defined in Title 18, United States Code, Section 1951, that is, in return for smuggling contraband into Caledonia, specifically marijuana, ROSE obtained property, a monetary payment, not due him or his office, from another person, with their consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT FIVE
### (Possession with Intent to Distribute)

16. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

17. On or about July 15, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, knowingly and intentionally possessed with intent to distribute a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX
### (Extortion Under Color of Official Right)

18. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

19. On or about August 3, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, did knowingly and unlawfully obstruct, delay, and affect in any way and degree interstate commerce and the movement of articles and commodities in commerce by extortion under color of official right, as those terms are defined in Title 18, United States Code, Section 1951, that is, in return for smuggling contraband into Caledonia, specifically marijuana, ROSE obtained property, a monetary payment, not due him or his office, from another person, with their consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT SEVEN
### (Possession with Intent to Distribute)

20. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

21. On or about August 3, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, knowingly and intentionally possessed with intent to distribute a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT
### (Extortion Under Color of Official Right)

22. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

23. On or about August 11, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, did knowingly and unlawfully obstruct, delay, and affect in any way and degree interstate commerce and the movement of articles and commodities in commerce by extortion under color of official right, as those terms are defined in Title 18, United States Code, Section 1951, that is, in return for smuggling contraband into Caledonia, specifically marijuana, ROSE obtained property, a monetary payment, not due him or his office, from another person, with their consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT NINE
## (Possession with Intent to Distribute)

24. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

25. On or about August 11, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, knowingly and intentionally possessed with intent to distribute a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN
## (Extortion Under Color of Official Right)

26. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

27. On or about August 17, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, did knowingly and unlawfully obstruct, delay, and affect in any way and degree interstate commerce and the movement of articles and commodities in commerce by extortion under color of official right, as those terms are defined in Title 18, United States Code, Section 1951, that is, in return for smuggling contraband into Caledonia, specifically marijuana, ROSE obtained property, a monetary payment, not due him or his office, from another person, with their consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT ELEVEN
### (Possession with Intent to Distribute)

28. Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated herein by reference.

29. On or about August 17, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, OLLIE ROSE III, knowingly and intentionally possessed with intent to distribute a quantity of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

# NOTICE OF FORFEITURE
## (18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(a); 28 U.S.C. § 2461(c))

30. The allegations of this Indictment are re-alleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(a); and Title 28, United States Code, Section 2461(c).

31. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States gives notice to the defendant, OLLIE ROSE III, that upon conviction of any of the offenses charged in Counts One through Eleven of this Indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, shall be forfeited to the United States.

32. The defendant, OLLIE ROSE III, is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture in the approximate value that each gained from the offenses of conviction.

33. The defendant, OLLIE ROSE III, is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property described above, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

Date: 10/14/2020

A TRUE BILL.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

GRAND JURY FOREPERSON

COREY R. AMUNDSON
Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

BY: /s/ Rebecca Schuman
REBECCA M. SCHUMAN
Trial Attorney

/s/ Lauren E. Britsch
LAUREN E. BRITSCH
Trial Attorney